Crew, C. J.
The record in this case presents but a single question, namely: Can the appellant, in a case which is of right appealable, after he has taken and perfected an appeal, prosecute error to the judgment appealed from before his appeal is dismissed or abandoned. That appeal and error may be concurrently taken under the procedure and practice in this state, was affirmatively held by this court in Hull et al. v. Bell Bros. & Co., 54 Ohio St., 228, in which case it was said: “We are not aware of any statutory provision or *106 rule of law which prevents a party who has taken an appeal from a judgment, from also prosecuting error to obtain its reversal. When doubtful of his appeal, that may be a prudent and commendable practice, otherwise, if his right of appeal should not be determined until after the expiration of the time allowed for prosecuting' error, and then be determined adversely to him thus leaving the judgment in force, his remedy on error would be lost.” This rule, that appeal and error may, under our practice, be concurrently prosecuted, was again recognized and reaffirmed by this court in the recent case of The Willson Improvement Co. v. Malone et al., 78 Ohio St., 232. Notwithstanding these adjudications, it is contended by counsel for plaintiff in error in the present case, that even though it may have been held and settled as in the cases above cited, that a party is not required to determine in the first instance, and at his peril, whether or not a cause is appeal-able, but may if he so elects concurrently invoke both the remedy by appeal and by a proceeding' in error, yet, that where the right to an appeal in fact exists and has been exercised, and the appeal duly taken and perfected, thereafter no proceeding in error can be instituted by the appellant to reverse the judgment appealed from, for the reason, as claimed, that after the appeal is perfected there no longer remains any judgment to be reversed or from which error can be prosecuted, but that the operation and effect of the appeal is to wholly avoid, vacate and annul the judgment appealed from. The error of such contention or claim is found in the fallacy of the premise upon which it rests, namely: that the *107 appeal cancels and destroys the judgment. The effect of the appeal is not, as assumed by counsel, to vacate and destroy the judgment appealed from, but its only effect is to suspend such judgment, and to stay proceedings to enforce its execution. It does not operate to annul the judgment; or to otherwise impair its vitality and obligation than by merely suspending its enforcement during the pendency of the appeal. The lien, if any, created by the judgment is not removed or vacated by the appeal, but subsists and continues in the same manner and to the same extent as if the appeal had not been taken. Section 5236, Revised Statutes. Furthermore, in this state, the effect of an appeal upon the judgment appealed from is not left to speculation or conjecture, but is matter of express statutory regulation, and is defined and declared by Section 5235, Revised Statutes, which provides: “When an appeal is taken and bond given, the judgment is thereby suspended,” etc., and this section, by force of the provisions of Section 6411, Revised Statutes, comprehends and includes, as well appeals from the probate court to the court of common pleas, as from the common pleas to the circuit court. If, then, the only effect of the appeal taken by defendants in error in this case, was to suspend the judgment of the probate court, and not to vacate, annul or set it aside, it follows, that when said appeal was dismissed, and the same wholly abandoned by appellants, and this without objection or exception on the part of the appellees and without the cause having been submitted or tried on its merits, there remained and was a subsisting judgment of the probate court, which appellants were entitled to have reviewed by the *108 court of common pleas on the petition in error filed by them for that purpose. The court of common pleas having erroneously refused to hear said petition in error, and having entered a judgment dismissing the same, such judgment was properly reversed by the circuit court, and said judgment of reversal must be

Affirmed.

Summers, Spear, Davis, Shauck and Price, JJ., concur.